IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ENRIQUE ANGULO, § | |
| (TDCJ-CID #02250953) § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | CIVIL ACTION NO. H-19-4128 |
| § | |
| LORIE DAVIS, § | |
| § | |
| Respondent. § | |

**MEMORANDUM ON DISMISSAL**

Petitioner Enrique Angulo seeks habeas corpus relief under 28 U.S.C. § 2254. He challenges a conviction in the 178th Judicial District Court of Harris County, Texas. Respondent filed a Motion for Summary Judgment on the ground that the petition for writ of habeas corpus is time-barred. (Docket Entry No. 15). Respondent also filed copies of the state court record. Angulo has not responded.

The threshold issue is whether the petition for writ of habeas corpus is time-barred.

**I.      Background**

A jury of the 178th Judicial District Court of Harris County, Texas found Angulo guilty of the felony offense of delivery of cocaine in an amount between 28 and 200 grams in Cause Number 584013. On July 1, 1991, the court sentenced Angulo to ten years imprisonment. The Eighth Court of Appeals of Texas affirmed Angulo's conviction on December 30, 1992. The Texas Court of Criminal Appeals refused Angulo's petition for discretionary review on March 10, 1993. Angulo

did not file an application for state habeas corpus relief.

On September 20, 2019, this Court received Angulo's federal petition. The petition was filed when Angulo tendered it to the prison authorities for mailing to the district court. *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998). The Court will presume that Angulo deposited his federal petition in the prison mail on the date he signed it, which is September 15, 2019. *Sonnier v. Johnson*, 161 F.3d 941, 945 (5th Cir. 1998). Angulo contends that his conviction is void for the following reasons:

(1) The evidence is insufficient to support his conviction;

(2) He was denied effective assistance of trial counsel because his trial counsel:

    (a) failed to file a motion to quash the indictment;

    (b) failed to file a motion to suppress;

    (c) failed to investigate;

    (d) did not object to the range of punishment; and

    (e) failed to inform him about the possibility of "shock probation."

(3) The State improperly argued that Angulo showed "Colombian traits"; and

(4) Appellate counsel rendered ineffective assistance by failing to tell Angulo that he could file a petition for discretionary review.

(Docket Entry No. 1, Petition for Writ of Habeas Corpus, pp. 6-7).

**II.   The Analysis**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), imposed a one-year statute of limitations for federal habeas corpus petitions. The statute provides in part:

>     (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>         (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>         (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>         (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>         (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>     (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

In this case, the limitations period began to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id*. § 2244(d)(1)(A). Angulo's conviction became final when the time for filing a petition for a writ of *certiorari* expired, ninety days after the Texas Court of Criminal Appeals denied review. Supreme Court Rule 13.1 (West 2001). The Texas Court of Criminal Appeals refused Angulo's petition for discretionary review on March 10, 1993. Angulo's deadline for filing a petition for a writ of *certiorari* was June 8, 1993. The limitations period ended one year later, on June 8, 1994. Angulo did not file this federal petition until September 20, 2019.

The United States Court of Appeals for the Fifth Circuit held in *Flanagan v. Johnson,* 154 F.3d 196 (5th Cir. 1998), and *United States v. Flores,* 135 F.3d 1000 (5th Cir. 1998), that 28 U.S.C.

§ 2254 federal habeas applicants and 28 U.S.C. § 2255 movants whose claims would have been otherwise time-barred immediately as of the enactment of the one-year limitations period in the AEDPA, instead have one year following AEDPA's effective date to file their applications.

Angulo is challenging a conviction that became final on June 8, 1994, before the AEDPA's effective date. Angulo is presumptively entitled to a one-year reasonableness period from April 24, 1996, the effective date of AEDPA, in which to file his claim. *Flores*, 135 F.3d at 1006. That period expired on April 24, 1997. Angulo did not file this federal petition until September 20, 2019.

The pendency of a properly filed application for state post-conviction relief tolls limitations. 28 U.S.C. § 2244(d)(2)(West 1997). The one-year reasonableness period ended on April 24, 1997. Angulo did not file a state application that could have tolled the limitations period.

Angulo does not state any grounds for equitable tolling, and there is nothing in the record to indicate he is entitled to it. *E.g., Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000)(finding that confiscation of legal materials and an inadequate law library did not establish grounds for equitable tolling where the alleged impediments to filing a federal petition were removed six months before the end of the limitations period), *cert. denied*, 532 U.S. 963 (2001); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir.)(finding that alleged inadequacies in prison law library and lack of notice of AEDPA's requirements did not warrant equitable tolling), *cert. denied*, 531 U.S. 1035 (2000); *Turner v. Johnson,* 177 F.3d 390, 392 (5th Cir.)(finding that unfamiliarity with the legal process or lack of representation during the applicable filing period did not merit equitable tolling), *cert. denied*, 528 U.S. 1007 (1999). Thus, Angulo's petition for writ of habeas corpus is untimely.

Angulo does not satisfy any of the exceptions to the AEDPA's statute of limitations. The record does not indicate that any unconstitutional state action prevented Angulo from filing an

application for federal habeas relief prior to the end of the limitations period. 28 U.S.C. § 2244(d)(1)(B). Additionally, Angulo's claims do not relate to a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C). Angulo has not shown that he did not know of the factual predicate of his claims earlier. 28 U.S.C. § 2244(d)(1)(D). His claims relate to his trial and appeal that took place in 1991 and 1992, and he reasonably should have been aware of them at that time.

Summary judgment is proper when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *see also Christopher Village, L.P. v. Retsinas,* 190 F.3d 310, 314 (5th Cir. 1999). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The pleadings and state court records show that Angulo's federal petition is untimely. Respondent is entitled to judgment as a matter of law.

### III. Conclusion

Respondent's Motion for Summary Judgment, (Docket Entry No. 15), is GRANTED. Angulo's petition for a writ of habeas corpus is DENIED. This case is DISMISSED with prejudice. All remaining pending motions are DENIED as moot.

The showing necessary for a Certificate of Appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir. 2000)(citing *Slack v. McDaniel,* 429 U.S. 473, 483 (2000)). An applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further. *See Clark v. Johnson,* 202 F.3d 760, 763 (5th Cir. 2000).

When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Rudd v. Johnson,* 256 F.3d 317, 319 (5th Cir. 2001)(citing *Slack,* 529 U.S. at 484). Angulo has not made the necessary showing. Accordingly, a certificate of appealability is DENIED.

SIGNED at Houston, Texas, on _____May 27_____, 2020.

_____
**VANESSA D. GILMORE**
**UNITED STATES DISTRICT JUDGE**